IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROGER COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV132 |
| | ) | |
| V. | ) | |
| | ) | |
| GREAT DANE TRAILERS, and | ) | **MEMORANDUM** |
| ADVENTURE STAFFING AGENCY, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e).

**I. APPLICABLE STANDARDS ON INITIAL REVIEW**

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

"The essential function of a complaint under the Federal Rules of Civil

Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## II. SUMMARY OF COMPLAINT

Liberally construed, Plaintiff alleges he was terminated from his employment with Defendant Great Dane Trailers based on discrimination. (Filing No. 1 at CM/ECF p. 7.) He also alleges that Defendant Adventure Staffing Agency refused to find him a job following his termination. (Filing No. 1 at CM/ECF p. 8.) Plaintiff contends that as a result of his termination, he was unable to collect unemployment benefits, incurred medical bills due to loss of insurance benefits, and fell behind in other bills. (Filing No. 1 at CM/ECF p. 7.) Plaintiff seeks damages totaling $35,850.00. (Filing No. 1 at CM/ECF p. 10.)

## III. DISCUSSION

In evaluating Plaintiff's claims, the court must first determine whether it has subject-matter jurisdiction. Federal district courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of the federal district courts is generally set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, or when a "federal question" is presented. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, when "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00. 28 U.S.C. § 1332(a).

Subject matter jurisdiction is proper under 28 U.S.C. § 1331 when a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," the Constitution, or treaties of the United States, commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Under this type of jurisdiction, a plaintiff must allege that the defendants deprived him of a right secured by the Constitution or laws of the United States. Also, a plaintiff must allege that the deprivation was committed under "color of state law" in order to bring a claim under 42 U.S.C. § 1983. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

The court questions whether it has jurisdiction over this matter. From the face of the Complaint, it is apparent that the parties are not diverse and the amount in controversy is less than $75,000.00. Clearly, diversity jurisdiction does not exist. Further, Plaintiff does not set forth any allegation that could be liberally construed to violate any federal statute. It appears that Plaintiff has sought to assert a claim based on employment discrimination. To the extent that circuits have held that a plaintiff alleging employment discrimination is not limited to recovery under Title VII, but may also recover under § 1983 if the alleged discrimination amounted to a violation of a constitutional right, Plaintiff has failed to assert the basis of discrimination. *Henley v. Brown*, 686 F.3d 634, 642-43 (8th Cir. 2012). Except for the implication that Plaintiff is male, he has not alleged his membership in a protected class, such as race, national origin, gender, age, and/or disability. Moreover, the Complaint lacks any indication that Defendants were acting under color of state law. Therefore, Plaintiff's allegations do not establish that federal question jurisdiction exists in this matter.

On the court's own motion, Plaintiff will have 30 days from the date of this Memorandum and Order to file an amended complaint that sets forth the basis for this court's subject matter jurisdiction. Failure to do so will result in dismissal of this matter without further notice.

IT IS THEREFORE ORDERED that, on the court's own motion:

1. Plaintiff will have 30 days from the date of this Memorandum and Order to amend his Complaint to set forth a short and plain statement of the grounds for the court's jurisdiction.

2. The court reserves the right to conduct further review of Plaintiff's claims pursuant to [28 U.S.C. § 1915(e)(2)](#) after Plaintiff address the matters set forth in his Memorandum and Order.

3. The Clerk of the court is directed to set a pro se case management deadline in this matter with the following text: June 17, 2016: deadline for Plaintiff to amend.

DATED this 19th day of May, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge