IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| ROGER COLLINS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 8:16CV132 |
| | ) | |
| V. | ) | |
| | ) | |
| GREAT DANE TRAILERS, and | ) | **MEMORANDUM** |
| ADVENTURE STAFFING AGENCY, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on review of Plaintiff's Amended Complaint. (Filing No. 7.)

## I. BACKGROUND

Plaintiff instituted this action on March 28, 2016, alleging he was terminated from his employment with Defendant Great Dane Trailers based on discrimination. (Filing No. 1 at CM/ECF p. 7.) He also alleged that Defendant Adventure Staffing Agency refused to find him a job following his termination. (Filing No. 1 at CM/ECF p. 8.) Plaintiff maintained that as a result of his termination, he was unable to collect unemployment benefits, incurred medical bills due to loss of insurance benefits, and fell behind in other bills. (Filing No. 1 at CM/ECF p. 7.) Plaintiff requested damages totaling $35,850.00. (Filing No. 1 at CM/ECF p. 10.)

On initial review of Plaintiff's complaint, the court questioned whether it had subject matter jurisdiction over the suit. The court granted Plaintiff 30 days to file an amended complaint that set forth the basis for this court's jurisdiction. Plaintiff filed his Amended Complaint on May 25, 2016. (Filing No. 7.)

## II. SUMMARY OF AMENDED COMPLAINT

Liberally construed, Plaintiff's Amended Complaint alleges that he contacted Defendant Adventure Staffing to help him find employment. Adventure Staffing helped him obtain a job with Defendant Great Dane Trailers. Plaintiff was told that he would be considered a temporary worker initially, but that he would become a permanent employee of Great Dane with higher wages and benefits after 90 days.

Plaintiff claims that on "October 12," near the end of his 90-day probationary period, he was "[r]acially slurred [and] [t]aunted aggressively" over a two-day period by a Great Dane employee. (Filing No. 7 at CM/ECF p. 1.) Plaintiff alleges that he informed his team-leaders and shift-boss about the situation. He also called Adventure Staffing and explained what had happened.

Plaintiff alleges that the situation was investigated by individuals from Great Dane and Adventure Staffing. On October 16, Plaintiff was informed by an individual from Adventure Staffing that the investigation revealed that Plaintiff was being "[r]acially slurred, [t]aunted [r]acially, verbal[ly] and physically [a]ssaulted," and that Plaintiff was not the "[a]ggressor." (Filing No. 7 at CM/ECF p.2.) Plaintiff alleges that Great Dane made the decision to terminate him on October 15, "knowing that [he] was becoming permanent." (Filing No. 7 at CM/ECF p. 3.)

Plaintiff maintains that he asked Adventure Staffing to find him another job, but Adventure Staffing refused to do so unless he signed a "promissory letter to [Adventure Staffing] just in case another similar [i]ncident occur[red], even though Adventure Staffing [knew] and was told that [Plaintiff] was not the [a]ggressor, which led [Plaintiff] to believe [he] was black balled by Great Dane Trailers." (Filing No. 7 at CM/ECF p. 3.) Plaintiff claims that he took action to get the situation with the Great Dane employee resolved, but that Great Dane and Adventure Staffing did not take action to protect him from racial profiling and that this "seems like discrimination." (Filing No. 7 at CM/ECF p. 4.)

## III.  DISCUSSION

Liberally construed, Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e.  Title VII forbids employment discrimination against "any individual" based on that individual's "race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a).  Prior to filing a suit in federal court under Title VII, a plaintiff is required to exhaust his or her administrative remedies by first seeking relief through the EEOC or the Nebraska Equal Opportunity Commission ("NEOC").  42 U.S.C. § 2000e-5.  The EEOC/NEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause.  If the EEOC/NEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice.  42 U.S.C. § 2000e-5(b); *see also Hanenburg v. Principal Mut. Life Ins. Co.*, 118 F.3d 570, 573 (8th Cir. 1997).

The charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on his charge.  42 U.S.C. § 2000e-5(f)(1).  The civil complaint may only encompass issues that are reasonably related to the substance of charges timely brought before the EEOC/NEOC.  *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994).  However, each discrete incident of discriminatory or retaliatory action by an employer constitutes its own unlawful employment practice for which administrative remedies must be exhausted before bringing a Title VII claim.  *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 851 (8th Cir. 2012).

Plaintiff did not attach a right-to-sue letter to his Complaint or Amended Complaint.  The court will, however, grant Plaintiff 30-days to file a second amended complaint which attaches such a letter.  The second amended complaint will supersede, or replace, all other complaints filed in this case, so Plaintiff needs to be mindful to include all allegations necessary to assert a proper claim.  For instance, Plaintiff's Amended Complaint (Filing No. 7) fails to include the year that the alleged events transpired.  Also, it is unclear from the Amended Complaint whether Plaintiff

3

was employed by Great Dane, Adventure Staffing, or a combination of both. Additionally, Plaintiff's Amended Complaint does not include a statement of what Plaintiff seeks to recover in his suit. Plaintiff's Amended Complaint may contain other deficiencies, but the court will not outline every possible defect at this time.

IT IS THEREFORE ORDERED:

1. By July 20, 2016, Plaintiff must file a second amended complaint which shall supersede all previously-filed complaints in this action. The second amended complaint must attach a copy of a right-to-sue letter as outlined above. If Plaintiff fails to timely file a second amended complaint, this action will be dismissed without further notice.

2. The clerk of court is directed to set a pro se case management deadline using the following text: July 20, 2016: check for second amended complaint.

DATED this 21st day of June, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge