IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROGER COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV132 |
| | ) | |
| V. | ) | |
| | ) | |
| GREAT DANE TRAILERS, and | ) | **MEMORANDUM** |
| ADVENTURE STAFFING AGENCY, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court upon review of Plaintiff's Second Amended Complaint. (Filing No. 9.)

## I. BACKGROUND

Plaintiff's original Complaint alleged he was terminated from his employment with Defendant Great Dane Trailers based on discrimination. (Filing No. 1 at CM/ECF p. 7.) He also alleged that Defendant Adventure Staffing Agency refused to find him a job following his termination. (Filing No. 1 at CM/ECF p. 8.) Plaintiff maintained that as a result of his termination, he was unable to collect unemployment benefits, incurred medical bills due to loss of insurance benefits, and fell behind on other bills. (Filing No. 1 at CM/ECF p. 7.) Plaintiff requested damages totaling $35,850.00. (Filing No. 1 at CM/ECF p. 10.)

Plaintiff subsequently filed an amended complaint, asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII"). (Filing No. 7.) Upon review, the court concluded that Plaintiff had failed to state a claim. The court noted various deficiencies with Plaintiff's amended complaint, as well as Plaintiff's failure to submit a right-to-sue letter. Plaintiff was granted leave to file a second amended complaint.

## II.  SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff's Second Amended Complaint alleges that Plaintiff contacted Defendant Adventure Staffing to help him find employment.  Adventure Staffing helped him obtain a job with Defendant Great Dane Trailers.  Plaintiff was told that he would be considered a temporary worker initially, but that he would become a permanent employee of Great Dane with higher wages and benefits after 90 days. Plaintiff contends that under this arrangement, he was an employee of both Adventure Staffing and Great Dane at all times relevant to this action.

Plaintiff asserts that on October 12, 2015, near the end of his 90-day probationary period, he was "racially profiled and taunted aggressively over a two day period" by a Great Dane employee.  (Filing No. 9 at CM/ECF p. 3.)  Plaintiff alleges that he informed his team-leaders and shift-boss about the situation on October 12, 2015.  He also called Adventure Staffing on October 13, 2015 and explained what had happened.

Plaintiff alleges that the situation was investigated by individuals from Great Dane and Adventure Staffing.  Plaintiff further alleges that on October 15, 2016, he was informed by an individual from Adventure Staffing that the investigation revealed that Plaintiff was being "racially profiled, taunted, verbally and physically assaulted" and that Plaintiff defended himself and was not the aggressor.  (Filing No. 9 at CM/ECF p. 4.)

Plaintiff maintains that Great Dane made the decision to terminate him on October 15, 2015, "knowing that he was becoming [a] permanent [employee]." (Filing No.  9 at CM/ECF p. 4.)  Plaintiff alleges that he asked Adventure Staffing to find him another job, but Adventure Staffing refused to do so unless he signed a "promissory letter to Defendant Adventure Staffing Agency just in case another similar incident occur[red], even though Defendant Adventure Staffing Agency knew and was told that [Plaintiff] was not the aggressor, which led [Plaintiff] to believe he

was black balled by Defendant Great Dane Trailers." (Filing No. 9 at CM/ECF p. 5.) Plaintiff claims that he took action to get the situation with the Great Dane employee resolved, but that Great Dane and Adventure Staffing did not protect him from workplace discrimination, harassment, racial profiling, and assault.

Plaintiff alleges that he submitted a claim with the EEOC on December 1, 2015, and that he received a right-to-sue letter on February 29, 2016.

## III.  DISCUSSION

Liberally construed, Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e.  Title VII forbids employment discrimination against "any individual" based on that individual's "race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a).

Prior to filing a suit in federal court under Title VII, a plaintiff is required to exhaust his or her administrative remedies by first seeking relief through the Equal Employment Opportunity Commission ("EEOC") or the Nebraska Equal Opportunity Commission ("NEOC").  42 U.S.C. § 2000e-5.  The EEOC/NEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause.  If the EEOC/NEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice.  42 U.S.C. § 2000e-5(b); *see also* *Hanenburg v. Principal Mutual Life Insurance Company*, 118 F.3d 570, 573 (8th Cir. 1997).  The charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on his charge.  42 U.S.C. § 2000e-5(f)(1).  However, the civil complaint may only encompass issues that are reasonably related to the substance of charges brought before the EEOC.  *See* *Williams v. Little Rock Municipal Water Works*, 21 F.3d 218, 222 (8th Cir. 1994).

Plaintiff attached the right-to-sue letter issued by the EEOC to his Second

3

Amended Complaint, and it appears that this suit was initiated within 90 days of the issuance of the letter.  However, the Charge of Discrimination Plaintiff filed with the EEOC was not included.  Without that document, it is impossible for the court to determine whether Plaintiff's claims in this court grow "out of or [are] like or reasonably related to the substance of the allegations in the administrative charge." *Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 838 (8th Cir. 2002).

The court will allow Plaintiff to file a another amended complaint, attaching both the right-to-sue letter and the Charge of Discrimination he filed with the EEOC. When drafting his third amended complaint, Plaintiff should take care to cure other deficiencies in his Second Amended Complaint.  A few of these deficiencies are outlined below.

To prove a claim for hostile work environment, Plaintiff must establish that "(1) he is a member of a protected group; (2) he was subject to unwelcome race-based harassment; (3) the harassment was because of membership in the protected group; and (4) the harassment affected a term, condition, or privilege of employment." *Malone v. Ameren UE*, 646 F.3d 512, 517 (8th Cir. 2011).  "Conduct of others in a workplace affects a term, condition, or privilege of employment under Title VII only if it is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."  *Id*. at 517 (quotation omitted).  Relevant considerations in evaluating such claims include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."  *Id*. at 517.  The facts alleged by Plaintiff are insufficient to state a viable hostile work environment claim.

To state a disparate treatment claim of discrimination, Plaintiff must allege facts showing that "(1) he is a member of a protected class, (2) he met his employer's legitimate expectations, (3) he suffered an adverse employment action, and (4) the circumstances give rise to an inference of discrimination."  *Pye v. Nu Aire, Inc.*, 641

F.3d 1011, 1019 (8thCir. 2011).  A plaintiff can "satisfy the fourth part of the prima facie case in a variety of ways, such as by showing more-favorable treatment of similarly-situated employees who are not in the protected class, or biased comments by a decisionmaker."  *Id*.  Plaintiff has not actually alleged that he is a member of a protected class, nor has he plead any facts suggesting he was fired because of his race or that Adventure Staffing refused to find him another job because of his race.

IT IS THEREFORE ORDERED:

1.   Plaintiff shall file a third amended complaint which states a claim upon which relief can be granted by December 16, 2016.  The third amended complaint will supersede, rather than supplement, previous pleadings filed in this case.  Therefore, Plaintiff must submit both a right-to-sue letter and Charge of Discrimination with his third amended complaint.

2.   Failure to file a third amended complaint in accordance with this Memorandum and Order will result in dismissal of this action without further notice.

3.   The clerk of court is directed to set a pro se case management deadline using the following text: December 16, 2016: check for third amended complaint.

DATED this 22nd day of November, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge