IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROGER COLLINS,<br><br>                Plaintiff,<br><br>vs.<br><br>GREAT DANE TRAILERS, and ADVENTURE STAFFING AGENCY,<br><br>                Defendants. | 8:16CV132<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court upon review of Plaintiff's Third Amended Complaint. (Filing No. 13.)

## I. BACKGROUND

Plaintiff's original Complaint alleged he was terminated from his employment with Defendant Great Dane Trailers based on discrimination. (Filing No. 1 at CM/ECF p. 7.) He also alleged that Defendant Adventure Staffing Agency refused to find him a job following his termination. (Filing No. 1 at CM/ECF p. 8.) Plaintiff maintained that as a result of his termination, he was unable to collect unemployment benefits, incurred medical bills due to loss of insurance benefits, and fell behind on other bills. (Filing No. 1 at CM/ECF p. 7.) Plaintiff requested damages totaling $35,850.00. (Filing No. 1 at CM/ECF p. 10.)

Plaintiff subsequently filed an Amended Complaint, asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII"). (Filing No. 7.) Upon review, the court concluded that Plaintiff had failed to state a claim. (Filing No. 8.) The court noted various deficiencies with Plaintiff's Amended Complaint, as well as Plaintiff's failure to submit a right-to-sue letter. (*Id.* at CM/ECF pp. 3-4.)

Plaintiff was granted leave to file a second amended complaint. (*Id*. at CM/ECF p. 4.)

Plaintiff subsequently filed a Second Amended Complaint, asserting claims under Title VII. (Filing No. 9.) Upon review, the court concluded that Plaintiff had failed to state a claim. (Filing No. 12.) The court noted various deficiencies with Plaintiff's Second Amended Complaint, as well as Plaintiff's failure to attach the Charge of Discrimination that he filed with the EEOC. (*Id*. at CM/ECF pp. 3-5.) Plaintiff was granted leave to file a third amended complaint. (*Id*. at CM/ECF p. 5.) The court warned Plaintiff that a third amended complaint would supersede, rather that supplement, previous pleadings filed in this case. (*Id*.)

## II. SUMMARY OF THIRD AMENDED COMPLAINT

Plaintiff attached the right-to-sue letter issued by the EEOC and the Charge of Discrimination that he filed with the EEOC to his Third Amended Complaint. (Filing No. 13 at CM/ECF pp. 10-13.) His allegations are substantially similar to those in his Second Amended Complaint. (*Compare* Filing No. 9 at CM/ECF pp. 3-8 *with* Filing No. 13 at CM/ECF pp. 4-9) Upon review of Plaintiff's Second Amended Complaint, the court set forth Plaintiff's allegations as follows:

> Plaintiff's Second Amended Complaint alleges that Plaintiff contacted Defendant Adventure Staffing to help him find employment. Adventure Staffing helped him obtain a job with Defendant Great Dane Trailers. Plaintiff was told that he would be considered a temporary worker initially, but that he would become a permanent employee of Great Dane with higher wages and benefits after 90 days. Plaintiff contends that under this arrangement, he was an employee of both Adventure Staffing and Great Dane at all times relevant to this action.

> Plaintiff asserts that on October 12, 2015, near the end of his 90-day probationary period, he was "racially profiled and taunted aggressively over a two day period" by a Great Dane employee. (Filing No. 9 at CM/ECF p. 3.) Plaintiff alleges that he informed his team-leaders and shift-boss about the situation on October 12, 2015. He also called Adventure Staffing on October 13, 2015 and explained what had happened.
>
> Plaintiff alleges that the situation was investigated by individuals from Great Dane and Adventure Staffing. Plaintiff further alleges that on October 15, 2016, he was informed by an individual from Adventure Staffing that the investigation revealed that Plaintiff was being "racially profiled, taunted, verbally and physically assaulted" and that Plaintiff defended himself and was not the aggressor. (Filing No. 9 at CM/ECF p. 4.)
>
> Plaintiff maintains that Great Dane made the decision to terminate him on October 15, 2015, "knowing that he was becoming [a] permanent [employee]." (Filing No. 9 at CM/ECF p. 4.) Plaintiff alleges that he asked Adventure Staffing to find him another job, but Adventure Staffing refused to do so unless he signed a "promissory letter to Defendant Adventure Staffing Agency just in case another similar incident occur[red], even though Defendant Adventure Staffing Agency knew and was told that [Plaintiff] was not the aggressor, which led [Plaintiff] to believe he was black balled by Defendant Great Dane Trailers." (Filing No. 9 at CM/ECF p. 5.) Plaintiff claims that he took action to get the situation with the Great Dane employee resolved, but that Great Dane and Adventure Staffing did not protect him from workplace discrimination, harassment, racial profiling, and assault.

(Filing No. 12 at CM/ECF pp. 2-3.)

Plaintiff raises some additional allegations in his Third Amended Complaint. He alleges that he is African-American. (Filing No. 13 at CM/ECF p. 3.) He alleges that the employee involved in the altercation is white. (*Id*. at CM/ECF p. 7.)

3

He claims that he moved around in different areas of the department to avoid "the taunting of racial profiling, slurs." (*Id.* at CM/ECF p. 3) He maintains that, on October 13 and 14, 2015, he was the only one who had to change different departments and job positions after the investigation into his complaints. (*Id.*) He alleges that he was successful at his new job positions on those two dates and team leaders appreciated him. (*Id.* at CM/ECF pp. 3, 4.) He claims that "H.R. (Harold) of Great Dane" told him that he could reapply for his position after thirty days and they would rehire him because he was not the aggressor and took proper steps to resolve the issue. (*Id.* at CM/ECF p. 3.)

The Charge of Discrimination attached to Plaintiff's Third Amended Complaint states that the "stated reasons for [Plaintiff's] discharge was that [Plaintiff] got into a physical altercation with the same employee who referred to [him] as a racial slur," and that "Harold" told Plaintiff that "he still has not received approval from corporate headquarters" to rehire Plaintiff. (*Id.* at 12.)

### III. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("A claim has facial plausibility when the plaintiff

4

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

A plaintiff need not plead facts sufficient to establish a prima facie case of employment discrimination in his complaint. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-512 (2002) (holding a complaint in employment discrimination lawsuit need not contain "facts establishing a prima facie case," but must contain sufficient facts to state a claim to relief that is plausible on its face), *abrogated in part on other grounds by Twombly*, 550 U.S. at 570. However, the elements of a prima facie case are relevant to a plausibility determination. *See Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013) (stating elements of a prima facie case are "part of the background against which a plausibility determination should be made" and "may be used as a prism to shed light upon the plausibility of the claim"); *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) ("While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim.").

## IV. DISCUSSION[1]

---

[1] Plaintiff's Third Amended Complaint also cites to 42 U.S.C. § 1981. (Filing No. 13 at CM/ECF pp. 2, 6-7.) Title VII and § 1981 claims alleging hostile work environment, disparate treatment, and retaliation on the basis of race have identical elements. *See Eliserio v. United Steelworkers of America Local* 310, 398 F.3d 1071, 1076 (8th Cir. 2005); *Kim v. Nash Finch Co.*, 123 F.3d 1046, 1063 (8th Cir. 1997). Therefore, the court's analysis applies equally to any § 1981 claims.

5

### A. Hostile Work Environment

To prove a claim for hostile work environment based on race, Plaintiff must establish that "(1) he is a member of a protected group; (2) he was subject to unwelcome race-based harassment; (3) the harassment was because of membership in the protected group; and (4) the harassment affected a term, condition, or privilege of employment." *Malone v. Ameren UE*, 646 F.3d 512, 517 (8th Cir. 2011). "Conduct of others in a workplace 'affects a term, condition, or privilege of employment' under Title VII only if it is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Id.* (citation omitted). The court considers the conduct "as it would be viewed objectively by a reasonable person and as it was actually viewed subjectively by the victim." *Id.* (citation omitted). "All of the circumstances are relevant, including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Id.* (citation omitted).

Plaintiff alleges that he was racially profiled and taunted by another employee for two to three days near the end of his ninety-day probationary period. However, more than a few isolated incidents of harassment must have occurred to establish a violation of Title VII. *Gilbert v. City of Little Rock, Ark.*, 722 F.2d 1390, 1394 (8th Cir. 1983). Title VII was not designed to create a federal remedy for all offensive language and conduct in the workplace. *Scusa v. Nestle U.S.A. Co.*, 181 F.3d 958, 967 (8th Cir. 1999). The court also cannot discern the severity of the alleged discriminatory conduct because Plaintiff fails to allege the content of the statements. And, although Plaintiff alleges that he moved around in different areas of the department to avoid it, he fails to allege facts that show that the alleged discriminatory conduct unreasonably interfered with his work performance. In

short, Plaintiff's allegations are insufficient to state a plausible hostile work environment claim.

### B. Disparate Treatment and Retaliation

Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To state a prima facie claim of race discrimination Plaintiff must allege facts showing that (1) he is a member of a protected class; (2) he met his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination. *Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1019 (8th Cir. 2011). "The required prima facie showing is a flexible evidentiary standard, and a plaintiff can satisfy the fourth part of the prima facie case in a variety of ways, such as by showing more-favorable treatment of similarly-situated employees who are not in the protected class, or biased comments by a decisionmaker." *Id.* (internal quotations and citations omitted).

Title VII also prohibits retaliation against an employee "because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). To establish a prima facie case of retaliation under Title VII, a plaintiff must show "(1) that he or she engaged in statutorily protected activity; (2) an adverse employment action was taken against him or her; and (3) a causal connection exists between the two events." *Blackwell v. Alliant Techsystems, Inc.*, 822 F.3d 431, 436 (8th Cir. 2016).

7

Liberally construed, Plaintiff alleges two adverse employment actions: (1) relocation to different departments and job positions, and (2) continued termination. However, there are no facts suggesting relocation caused Plaintiff to suffer a material employment disadvantage or a tangible change in his working conditions. *See Thomas v. Corwin*, 483 F.3d 516, 528-29 (8th Cir. 2007); *Wedow v. City of Kan. City, Mo.*, 442 F.3d 661, 671 (8th Cir. 2006). But more importantly, Plaintiff's allegations suggest that he was terminated because he was involved in a physical altercation with another employee, not because of his race or because he complained about racial harassment. In particular, Plaintiff does not allege that the white employee involved in the altercation was similarly-situated to him (i.e. on probationary status as a temporary hire from a staffing agency) or that the white employee was not terminated. In other words, there is an "obvious alternative explanation" to Defendants' conduct, and Plaintiff needed to allege "more by way of factual content to 'nudge' his [claims] 'across the line from conceivable to plausible.'" *Iqbal*, 556 U.S. at 681-83 (quoting *Twombly*, 550 U.S. at 570)). Plaintiff's allegations are insufficient to state plausible disparate treatment or retaliation claims.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice.

2. A separate judgment will be entered in accordance with this memorandum and order.

Dated this 22nd day of February, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge